SCHAEFER, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 165.—Decided originally on December 19, 1913.

Motion for reconsideration decided January 31, 1914.

ATTACHMENT—RECORD OF ATTACHMENT.—In order that a writ of attachment may be entered in the registry of property it is necessary that the property attached be recorded in the name of the debtor, and in case it be recorded in the name of another person the registrar should deny the entry of the attachment in accordance with article 92 of the Regulations for the execution of the Mortgage Law.

ID.—RECORD OF TITLE—CHANGE OF NAME OF CORPORATION—ATTACHMENT AGAINST CORPORATION.—Although it is recited in a writ of attachment that the prop-

erty recorded in the registry in the name of a certain corporation belongs to another corporation because they are the same except that the name has been changed officially by formality of law, this is not sufficient to authorize the registrar to record the attachment against the property recorded in the name of the first corporation, it being indispensable that said change of name be shown previously in the books of the registry.

#### ON MOTION FOR RECONSIDERATION.

ID.—CHANGE OF NAME OF CORPORATION.—Although in an action prosecuted by George Schaefer against The Logan Tobacco Company the District Court of San Juan ordered the attachment of properties recorded in the registry in the name of the Manton Govern Company because it was the same legal entity with only a change of name, and the said attachment was levied by the marshal, yet, notwithstanding the provisions of section 9 of the Act of March 1, 1902, to secure the effectiveness of judgments, the registrar acted properly in denying the entry of said attachment when there was nothing in the registry to show that the properties belonged to the defendant, The Logan Tobacco Company.

The facts are stated in the opinion.

*Mr. José R. F. Savage* for appellant.

The registrar, Mr. Raúl Benedicto, did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

At the instance of the plaintiff in a civil action brought by George Schaefer in the District Court of the Judicial District of San Juan, Section 1, against The Logan Tobacco Company for the recovery of money, an order was issued to the marshal of the said court reading literally as follows:

"*The People of Porto Rico, to the marshal of this court.*

"WHEREAS, the plaintiff in the above-entitled action has petitioned for an attachment to secure the effectiveness of the judgment to be rendered herein;

"WHEREAS, this court granted said petition upon the plaintiff's giving a bond for the sum of $3,000 to answer for any damages which might be caused the defendant company by reason of said attachment.

"THEREFORE, you, the said marshal, are hereby commanded to proceed in accordance with all the provisions of the Act of the Legislative Assembly of Porto Rico of March 1, 1902, and attach sufficient property of the defendant to satisfy the amount of $5,300 sued for, with interest thereon from April 1, 1913, and $700 for costs, expenses and fees of plaintiff's attorney in this action. And it having been shown

by the plaintiff that the properties recorded in the Registry of Property of Caguas in the name of the Manton Govern Company belong to the defendant because it is the same company, the name alone having been officially changed by due formality of law, this order of attachment is extended to said property. And you will make due return on this order to the clerk of this court.

"Given under my signature and the seal of the court in San Juan, P. R., this sixteenth day of August, 1913.   C. Marrero, Clerk."

In compliance with the order above quoted the marshal attached as property of the defendant, The Logan Tobacco Company, three rural properties of different sizes situated in the Municipal District of Aguas Buenas, and upon presenting a notice in duplicate to the Registrar of Property of Caguas for the recording of the attachment, its admission to record was denied in the following decision:

"The record of the attachment referred to in the foregoing notice is denied because the three properties attached are recorded in the name of the Manton Govern Company, which is a different concern from the defendant, The Logan Tobacco Company, and the change of name of the said Manton Govern Company mentioned in the notice has not been recorded in the registry in due form. In lieu of the record requested a cautionary notice is entered for the lawful term of 120 days in favor of the plaintiff, George Schaefer, on folios 150 and 96, over, of volume 14 of Aguas Buenas, and on folio 15 of volume 5 of the said municipality, properties Nos. 15, quintuple, 533 duplicate and 195, entries letters D, B and A respectively, with the curable defect that the amount of the attachment is not distributed among the three properties attached. Caguas, P. R., August 22, 1913.   Raúl Benedicto, Registrar."

An appeal was taken by the attorney of George Schaefer from the foregoing decision and is now before us for consideration and decision.

The procedure of the Registrar of Caguas is in accordance with law.

According to section 20 of the Mortgage Law, in order to permit of the record or entry of deeds conveying or encum-

bering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record, and registrars should refuse to record said instruments when this requisite has not been complied with; otherwise they will be directly responsible for the damages which they may cause to third parties. In harmony with the doctrine laid down in said article, paragraph 2 of article 92 of the Regulations for the execution of the Mortgage Law orders that if the ownership of the estates attached appears recorded in the old or new books in the name of a person other than the one against whom the attachment was issued, entry of the notice shall be refused and such action taken as the law and regulations provide for in cases of records refused on account of errors which cannot be corrected.

Applying the foregoing legal provisions to the present case we must reach the conclusion that as the three properties in question are recorded in the name of the Manton Govern Company, a cautionary notice of an attachment issued against The Logan Tobacco Company, a different personality from that appearing in the registry as the owner, cannot be recorded against the former.

It is immaterial that the order of attachment states that the plaintiff has proved that the properties recorded in the Registry of Property of Caguas in the name of the Manton Govern Company belong to the defendant, The Logan Tobacco Company, because it was the same company except that the name had been changed officially by due formality of law and that the order of attachment was extended to the said properties, for it does not appear from the registry that the defendant, The Logan Tobacco Company, and the Manton Govern Company were the same, which is an indispensable requisite for the recording of the attachment and without which the registrar would incur the penalty imposed by law.

In support of the foregoing doctrine we cite the decisions of the General Directorate of Registries of Spain of March

27, 1874, and April 3, 1877, and of this court in the case of *Pérez* v. *The Registrar,* 14 P. R. R., 699.

For the foregoing reasons the decision appealed from is affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.

A motion for reconsideration having been filed by the appellant, it was overruled on January 31, 1914, in the following opinion delivered by Mr. Chief Justice Hernández:

A decision having been rendered by this court on December 19, 1913, in an administrative appeal taken by George Schaefer from a decision of the Registrar of Property of Caguas of August 22 of the same year denying admission to record of an attachment of rural properties, which decision of the registrar was affirmed by our said decision, the attorney for George Schaefer filed a motion for reconsideration by us of our decision in view of the phraseology of the writ of attachment issued by the District Court of San Juan which the registrar refused to admit to record.

In the opinion which served as a ground for the decision referred to in the aforesaid motion this court not only transcribed the said writ of attachment, but also gave the same its consideration and reached the conclusion that the decision appealed from was in accordance with the provisions of the Mortgage Law and with the doctrine laid down by the General Directorate of Registries of Spain and by this court.

It only remains for us to add now that although in an action prosecuted by George Schaefer against the Logan Tobacco Company the District Court of San Juan ordered the attachment of properties recorded in the registry in the name of the Manton Govern Company because it was the same legal entity with only a change of name, and the said attachment was levied by the marshal, yet, notwithstanding the provi-

sions of section 9 of the Act of March 1, 1902, to secure the effectiveness of judgments, the registrar, in order to admit the attachment to record, was bound to follow, as he did, the provisions of the Mortgage Law which determine when and how records of titles and cautionary notices should be entered in the registry. See the decisions rendered in the following cases: *The People* v. *The Registrar of Property,* 8 P. R. R., 7; *American Railroad Company of Porto Rico* v. *The Registrar of Property,* 14 P. R. R., 705.

If there was nothing in the registry to show that the properties belonged to the defendant, the Logan Tobacco Company, the registrar was obliged to deny the entry of the attachment, as he did, in accordance with the Mortgage Law and its Regulations.

For the foregoing reasons the motion for reconsideration is overruled.

*Motion for reconsideration overruled.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary died on January 5, 1914.